**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| **GRADY JACKSON, JR.,**  ) | |
| **Plaintiff,**  ) | |
| ) | |
| **v.**  ) | **C.A. No. 06-103 Erie** |
| ) | **District Judge McLaughlin** |
| **PAT SISK, et al.,**  ) | **Magistrate Judge Baxter** |
| **Defendants.**  ) | |


**MAGISTRATE JUDGE'S**

**REPORT AND RECOMMENDATION**


**I.    RECOMMENDATION_____**

It is  respectfully recommended that Defendants' motion to dismiss [Document # 21] be granted.



**II.    REPORT**

**_____A.    Relevant Procedural and Factual History**

On May 4, 2006, Plaintiff, a federal inmate currently incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed this *pro se* action, raising a civil rights claim pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Named as Defendants are: Pat Sisk, Todd Sidon, Donald Reich, Robert Scott, Robert Thompson, L. Morello, N. Watson, and J. Pabon, all employees of FCI-McKean.

In his complaint, Plaintiff claims that two weeks prior to the filing of this action, on April 26, 2006, he was denied an evening meal and received an incident report when he complained about missing the meal.  Defendants filed a motion to dismiss, Plaintiff filed an opposition to that motion, and both parties have filed supplemental filings.  The issues are ripe for disposition by this Court.

**B.      Standards of Review**

     **1.      *Pro se* Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

     **2.      Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)[1]**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

---

    [1] Although Defendants have submitted evidence in support of their motion to dismiss, this Court will not convert the motion to dismiss to a motion for summary judgment in accordance with Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).

complaint must be accepted as true. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Langford v. City of Atlantic City</u>, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984). <u>See</u> also <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Scheuer v. Rhodes</u>, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997) <u>citing</u> <u>In re Burlington Coat Factory Securities Litigation</u>, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. <u>See</u> <u>Swierkiewicz</u>.

## C.    The Exhaustion Requirement of the Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility *until such administrative remedies as are available are exhausted.*

<u>Id</u>. (Emphasis added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. <u>Porter v. Nussle,</u> 534 U.S. 516 (2002). <u>See</u> <u>also</u> <u>Concepcion v. Morton</u>, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed **prior** to the filing of an action. <u>McCarthy v. Madigan</u>, 503 U.S.

140, 144 (1992).  Federal courts are barred from hearing a claim if a plaintiff has failed to
exhaust all the available remedies.  Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL
2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2]   The exhaustion requirement is not a
technicality, rather it is federal law which federal district courts are required to follow.  Nyhuis,
204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required
exhaustion").  There is no "futility" exception to the administrative exhaustion requirement.
Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

        According to a recent decision by the U.S. Supreme Court, the PLRA requires "proper
exhaustion," meaning that a prisoner must complete the administrative review process in
accordance with the applicable procedural rules, including deadlines.  Woodford v. Ngo, ___
U.S. ___, ___ 2006 WL 1698937, * 4-7 (June 22, 2006) ("Proper exhaustion demands
compliance with an agency's deadlines and other critical procedural rules ...").  Importantly, the
exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally
defective ... appeal."  Id at * 2.

        The United States Court of Appeals for the Third Circuit has explicitly held that the
exhaustion requirement of the PLRA includes a procedural default component, by analogizing it
to the exhaustion doctrine (with its corollary procedural default component) in the habeas
context.  Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004).  The Circuit explained:

> We believe that Congress's policy objectives will be served by interpreting §
> 1997e(a)'s exhaustion requirement to include a procedural default component.
> Based on our earlier discussion of the PLRA's legislative history, [...] Congress
> seems to have had three interrelated objectives relevant to our inquiry here: (1) to
> return control of the inmate grievance process to prison administrators; (2) to
> encourage development of an administrative record, and perhaps settlements,
> within the inmate grievance process; and (3) to reduce the burden on the federal
> courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is
> better served by interpreting § 1997e(a)'s exhaustion language to include a
> procedural default component than by interpreting it merely to require

_____

    [2]  Importantly, a plaintiff's failure to exhaust his administrative remedies does not
deprive the district court of subject matter jurisdiction.  Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d
Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional
requirement, such that failure to comply with the section would deprive federal courts of subject
matter jurisdiction.").

termination of all administrative grievance proceedings.

Id.  Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default."  Id. at 231.

### 2.    The Administrative Process Available to Federal Inmates

No analysis of exhaustion may be made absent an understanding of the administrative process available to federal inmates.  The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997).   First, "an inmate shall ... present an  issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a).   Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request [to the Warden], on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred."  28 C.F.R. § 542.14(a).   The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response.  28 C.F.R. § 542.15(a).   An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### 3.    Exhaustion Applied

In support of their motion to dismiss, Defendants argue that this case should be

5

dismissed due to Plaintiff's failure to comply with the exhaustion requirement of the PLRA.[3]

      In the present action, Plaintiff filed this lawsuit only two weeks following the incident complained of.  It was only sometime after filing this action (and indeed after the filing of the Defendants' motion to dismiss) that Plaintiff exhausted his administrative remedies. Plaintiff's exhaustion of the administrative remedy process subsequent to the filing of this lawsuit may not be excused by this Court.

      The law requires that exhaustion be completed before the filing of a federal court action. McCarthy, 503 U.S. 140; Booth v. Churner, 532 U.S. 731, 734, 738 (2001) ("The Prison Litigation Reform Act of 1995 amended 42 U.S.C. §§ 1997e(a) [...] now requires a prisoner to exhaust such administrative remedies as are available **before** suing over prison conditions." and "The available remedy must be exhausted **before** a complaint under § 1983 may be entertained.") (emphasis added); see also Quinn v. Palakovich, 2006 WL 3203898, at * 2 (3d Cir. November 07, 2006). The Supreme Court has explained the multiple purposes of the exhaustion requirement:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this  purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. Booth, 532 U.S., at 737. In other instances, the internal review might "filter out some frivolous claims." Ibid. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter, 534 U.S. at 524-25.

      Because Plaintiff did not comply with the exhaustion requirement of the PLRA prior to the filing of this federal court action, the motion to dismiss should be granted.

---

[3]  In their reply brief, Defendants acknowledge that Plaintiff completed the exhaustion of his administrative remedies after the filing of the suit and then concede that the issue of exhaustion is moot.  However, Defendants misunderstand the case law interpreting the exhaustion requirement of the Prison Litigation Reform Act.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [Document # 21] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


<u>Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge


Dated: March 9, 2007